# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# HARRISON DIVISION

**DEBRA A. SIMMERLEIN**                                                             **PLAINTIFF**

                v.                 Civil No. 04-3056

**JO ANNE B. BARNHART, Commissioner,**
Social Security Administration                                              **DEFENDANT**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Debra A. Simmerlein appealed the Commissioner's denial of benefits to this court. On September 19, 2005, judgment was entered remanding plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), reversing the decision of the Administrative Law Judge and remanding this case to the Commissioner for further consideration.

On October 5, 2005, plaintiff moved for approval of attorney's fees under 28 U.S.C. § 2412, the Equal Access to Justice Act (EAJA), in the amount of $2,051.45, representing 16.30 hours of service at the rate of $125.00 per hour and $13.95 in costs. Defendant has filed a response, expressing no objections to this award.

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). After reviewing the file, we find plaintiff is a prevailing party in this matter. Under *Shalala v. Schaefer*, 509 U.S. 292, 302, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), a social

security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

Plaintiff requests attorney's fees under EAJA at an hourly rate of $125.00. In the past, the statutory hourly rate under EAJA was $75.00 which could be upwardly adjusted to account for an increase in the cost of living since October 1, 1981, the effective date of EAJA as originally enacted, or a special factor such as the limited availability of qualified attorneys. *Kelly v. Bowen*, 862 F.2d 1333, 1336 (8th Cir. 1988); 28 U.S.C. § 2412(d)(2)(A). The Contract with America Advancement Act of 1996, passed on March 29, 1996, amended EAJA and increased the statutory ceiling for EAJA fee awards from $75 to $125 per hour. *See* Public Law 104-121, § 232(b)(1). The new rate applies to civil actions filed on or after the enactment date. *Id.* § 233. Since this case was filed *nunc pro tunc* as of August 18, 2004, the $125.00 statutory ceiling is applicable to plaintiff's case. Consequently, we find that plaintiff's counsel should be entitled to compensation at an hourly rate of $125.00.

Plaintiff's counsel also requests reimbursement of $13.95 in costs. This cost is reimbursable under EAJA.

**CONCLUSION**

Based on the above, we recommend awarding an attorney's fee and costs under EAJA of $2,051.45, representing 16.30 hours at a rate of $125.00 per hour and $13.95 in costs. This amount should be paid in addition to, and not out of, plaintiff's past due benefits.

**DATED this 9th day of November 2005.**

> /s/Beverly Stites Jones
> **HON. BEVERLY STITES JONES**
> **UNITED STATES MAGISTRATE JUDGE**